# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
(Filed: May 16, 2017)
No. 13-612V

| | | |
|---|---|---|
| * * * * * * * * * * * * * | | |
| MORDICHAI PSHEMISH *and* | * | UNPUBLISHED |
| CHANA PSHEMISH *parents of* | * | |
| Y.P, *a minor* | * | |
| | * | |
| Petitioners, | * | Decision on Joint Stipulation; |
| | * | Juvenile Rheumatoid Arthritis |
| v. | * | ("JRA"); Uveitis; Tetanus- |
| | * | Diphtheria-acellular Pertussis |
| SECRETARY OF HEALTH | * | ("TDaP") Vaccine. |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| | * | |
| * * * * * * * * * * * * * | | |

*Ronald C. Homer, Conway, Homer, P.C., Boston, MA, for petitioner.*
*Ryan Pyles, US Department of Justice, Washington, DC, for respondent.*

## DECISION ON JOINT STIPULATION[1]

**Roth**, Special Master:

On August 27, 2013, Mordichai and Chana Pshemish ["petitioners"] filed a petition for compensation under the National Vaccine Injury Compensation Program[2] on behalf of their

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I intend to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2012)). In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information, that satisfies the criteria in 42 U.S.C. § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision. If, upon review, I agree that the identified material fits within the requirements of that provision, I will delete such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

minor child, Y.P. Petitioners allege that Y.P. developed uveitis and juvenile rheumatoid arthritis ("JRA") as a result of receiving a tetanus-diphtheria-acellular pertussis ("TDaP") vaccination on or about September 13, 2010. *See* Stipulation, filed May 15, 2017, at ¶¶ 1-4. Respondent denies that the TDaP immunization caused petitioner's injury. Stipulation at ¶ 6. Respondent notes that Y.P. also received a meningococcal vaccination on or about September 13, 2010, and that "[a]ll terms of this Stipulation applying to Y.P.'s September 13, 2010 Tdap vaccination apply equally to Y.P.'s September 13, 2010 meningococcal vaccination, as if petitioners had alleged that Y.P.'s Tdap and/or meningococcal vaccine, either singly or in combination, caused her alleged condition." Stipulation fn. 1.

Nevertheless, the parties have agreed to settle the case.  On May 15, 2017, the parties filed a joint stipulation agreeing to settle this case and describing the settlement terms.

Respondent agrees to issue the following payment:

> **A lump sum of $250,000.00 in the form of a check payable to petitioners, as guardians/conservators of the estate of Y.P.** This amount represents compensation for all damages that would be available under § 300aa-15(a).

I adopt the parties' stipulation attached hereto, and award compensation in the amount and on the terms set forth therein. The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/ Mindy Michaels Roth**
Mindy Michaels Roth
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party filing a notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| MORDICHAI PSHEMISH and CHANA PSHEMISH, parents of Y.P., a minor,<br><br>Petitioners,<br><br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>Respondent. | No. 13-612V<br>Special Master Mindy Michaels Roth<br>ECF |

## STIPULATION

The parties hereby stipulate to the following matters:

1. On behalf of their minor child, Y.P., petitioners filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §§ 300aa-10 to 34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to Y.P.'s receipt of a tetanus-diphtheria-acellular pertussis ("Tdap") vaccine, which vaccine is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3(a).

2. Y.P. received the Tdap vaccine, as well as a meningococcal vaccine, on or about September 13, 2010.

3. The vaccine was administered within the United States.

4. Petitioners allege that the Tdap vaccine caused Y.P. to develop uveitis and juvenile rheumatoid arthritis ("JRA"), and that she experienced the residual effects of this injury for more than six months.[1]

---

[1] All terms of this Stipulation applying to Y.P.'s September 13, 2010 Tdap vaccination apply equally to Y.P.'s September 13, 2010 meningococcal vaccination, as if petitioners had alleged

1

5. Petitioners represent that there has been no prior award or settlement of a civil action for damages on behalf of Y.P. as a result of her alleged condition.

6. Respondent denies that the Tdap vaccine and/or the meningococcal vaccine caused Y.P.'s alleged uveitis, JRA, and/or any other injury.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioners have filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payment:

> A lump sum of **$250,000.00** in the form of a check payable to petitioners, as guardians/conservators of the estate of Y.P. This amount represents all compensation for damages that would be available under 42 U.S.C. § 300aa-15(a).

9. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioners have filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

10. Petitioners and their attorney represent that they have identified to respondent all known sources of payment for items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), including State compensation programs, insurance policies,

---

that Y.P.'s Tdap and/or meningococcal vaccine, either singly or in combination, caused her alleged condition.

Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or entities that provide health services on a pre-paid basis.

11. Payment made pursuant to paragraph 8 and any amounts awarded pursuant to paragraph 9 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

12. Petitioners represent that they presently are, or within 90 days of the date of judgment will become, duly authorized to serve as the guardians/conservators of Y.P.'s estate under the laws of the State of Florida. No payments pursuant to this Stipulation shall be made until petitioners provide the Secretary with documentation establishing their appointment as guardians/conservators of Y.P.'s estate. If petitioners are not authorized by a court of competent jurisdiction to serve as guardians/conservators of the estate of Y.P. at the time a payment pursuant to this Stipulation is to be made, any such payment shall be paid to the party or parties appointed by a court of competent jurisdiction to serve as guardian(s)/conservator(s) of the estate of Y.P. upon submission of written documentation of such appointment to the Secretary.

13. The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees and litigation costs, the money provided pursuant to this Stipulation will be used solely for the benefit of Y.P. as contemplated by a strict construction of 42 U.S.C. § 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

14. In return for the payments described in paragraphs 8 and 9, petitioners, in their individual capacities and as legal representatives of Y.P., on behalf of themselves, Y.P., and Y.P.'s heirs, executors, administrators, successors and/or assigns, do forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments,

3

claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of Y.P. resulting from, or alleged to have resulted from, the Tdap vaccine and/or the meningococcal vaccine administered on or about September 13, 2010, as alleged by petitioners in a petition for vaccine compensation filed on or about August 27, 2013, in the United States Court of Federal Claims as petition No. 13-612V.

15. If Y.P. should die prior to entry of the judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

16. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

17. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 9 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

4

18. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the Tdap vaccine and/or the meningococcal vaccine caused and/or significantly aggravated Y.P.'s alleged uveitis, JRA, and/or any other injury.

19. All rights and obligations of petitioner hereunder shall apply equally to petitioners' heirs, executors, administrators, successors, and/or assigns, as legal representative(s) of Y.P.

END OF STIPULATION

/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/

5

Respectfully submitted,

**PETITIONERS:**

_____          _____
MORDICHAI PSHEMISH, on behalf of Y.P.   CHANA PSHEMISH, on behalf of Y.P.

**ATTORNEY OF RECORD FOR**            **AUTHORIZED REPRESENTATIVE**
**PETITIONERS:**                      **OF THE ATTORNEY GENERAL:**

_Ronald C. Homer by Maud S. LeDawly_   _____
RONALD C. HOMER  _Rule 83.1(c)(2)_    CATHARINE E. REEVES
CONWAY HOMER, P.C.                     Deputy Director
16 Shawmut Street                      Torts Branch
Boston, MA 02116                       Civil Division
Tel: (617) 695-1990                    U.S. Department of Justice
                                       P.O. Box 146
                                       Benjamin Franklin Station
                                       Washington, DC 20044-0146

**AUTHORIZED REPRESENTATIVE**          **ATTORNEY OF RECORD FOR**
**OF THE SECRETARY OF HEALTH**         **RESPONDENT:**
**AND HUMAN SERVICES:**

_____               _____
NARAYAN NAIR, M.D.                     RYAN D. PYLES
Director, Division of Injury           Trial Attorney
Compensation Programs                  Torts Branch
Healthcare Systems Bureau              Civil Division
U.S. Department of Health              U.S. Department of Justice
and Human Services                     P.O. Box 146
5600 Fishers Lane                      Benjamin Franklin Station
Parklawn Building, Mail Stop 08N146B   Washington, DC 20044-0146
Rockville, MD 20857                    Tel: (202) 616-9847

Dated: May 15, 2017

6