# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 13-612V
Filed: September 6, 2017

| | |
|---|---|
| * * * * * * * * * * * * * * | |
| MORDICHAI PSHEMISH *and* | * |
| CHANA PSHEMISH, *Parents of* | *   UNPUBLISHED |
| Y.P., *a Minor*, | * |
| | * |
| Petitioners, | * |
| v. | *   Decision on Attorneys' Fees and Costs |
| | * |
| SECRETARY OF HEALTH | * |
| AND HUMAN SERVICES, | * |
| | * |
| Respondent. | * |
| | * |
| * * * * * * * * * * * * * * | |

*Ronald C. Homer, Esq.*, Conway, Homer, P.C., Boston, MA, for petitioner.
*Ryan C. Pyles, Esq.*, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Roth**, Special Master:

On August 27, 2013, Mordichai Pshemish and Chana Pshemish ("petitioners") filed a petition for compensation on behalf of their minor child, Y.P., under the National Vaccine Injury Compensation Program.[2] Petitioners alleged that Y.P. developed uveitis and juvenile rheumatoid arthritis ("JRA") as a result of receiving a Tetanus-Diphtheria-acellular Pertussis ("TDaP") vaccination on or about September 13, 2010. Petition ("Pet."), ECF No. 1.

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I intend to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2012)). In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information that satisfies the criteria in 42 U.S.C. § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision. If, upon review, I agree that the identified material fits within the requirements of that provision, I will delete such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Respondent denied that the TDaP vaccine caused Ms. Y.P.'s alleged injuries.  Stipulation at ¶ 6, ECF No. 71.  Nevertheless, the parties agreed to settle the case.  *See id*.  On May 16, 2017, the undersigned issued a Decision awarding compensation to petitioners based on the parties' stipulation.  Decision, ECF No. 72.

On August 22, 2017, petitioners filed a Motion for Attorneys' Fees and Costs.  Motion for Fees, ECF No. 78.  Petitioners request attorneys' fees in the amount of $44,587.60, and $19,350.03 in costs, for a total amount of $63,937.63.  *Id*.  In addition, petitioners request $450.00 in personal costs incurred to establish petitioners as guardians of Y.P.'s estate.  *Id.*; *see also* Statement Regarding General Order #9, ECF No. 79.

On August 24, 2017, respondent filed a response to petitioner's Motion for Fees.  Response, ECF No. 80.  Respondent provided no specific objection to the amount requested or hours worked, but instead "respectfully recommend[ed] that the special master exercise her discretion and determine reasonable award for attorneys' fees and costs."  *Id*. at 3.

## I. Legal Framework

The Vaccine Act permits an award of "reasonable attorneys' fees" and "other costs."  § 15(e)(1).  If a petitioner succeeds on the merits of his or her claim, the award of attorneys' fees is automatic.  *Id.*; *see Sebelius v. Cloer*, 133 S. Ct. 1886, 1891 (2013).  However, a petitioner need not prevail on entitlement to receive a fee award as long as the petition was brought in "good faith" and there was a "reasonable basis" for the claim to proceed.  § 15(e)(1).

The Federal Circuit has endorsed the use of the lodestar approach to determine what constitutes "reasonable attorneys' fees" and "other costs" under the Vaccine Act.  *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1349 (Fed. Cir. 2008).  Under this approach, "an initial estimate of a reasonable attorneys' fees" is calculated by "multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate."  *Id*. at 1347-48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)).  That product is then adjusted upward or downward based on other specific findings.  *Id*.

A "reasonable hourly rate" is defined as the rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation."  *Id*. at 1348 (quoting *Blum*, 465 U.S. at 896 n.11).  This rate is based on "the forum rate for the District of Columbia" rather than "the rate in the geographic area of the practice of petitioner's attorney."  *Rodriguez v. Sec'y of Health & Human Servs.*, 632 F.3d 1381, 1384 (Fed. Cir. 2011) (citing *Avera*, 515 F. 3d at 1349).  There is a "limited exception" that provides for attorneys' fees to be awarded at local hourly rates when "the bulk of the attorney's work is done outside the forum jurisdiction" and "there is a very significant difference" between the local hourly rate and forum hourly rate.  *Id*.  This is known as the *Davis County* exception.  *See Hall v. Sec'y of Health & Human Servs.*, 640 F.3d 1351, 1353 (Fed. Cir. 2011) (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. EPA*, 169 F.3d 755, 758 (D.C. Cir. 1999)).  For cases in which forum rates apply, *McCulloch* provides the framework for determining the appropriate hourly rate range for attorneys' fees based upon the attorneys' experience.  *See McCulloch v.*

*Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).  The Office of Special Masters has issued a fee schedule that updates the *McCulloch* rates to account for inflation in subsequent years.[3]

Once the applicable hourly rate is determined, it is applied to the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348.  Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton ex rel. Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).  "Unreasonably duplicative or excessive billing" includes "an attorney billing for a single task on multiple occasions, multiple attorneys billing for a single task, attorneys billing excessively for intra office communications, attorneys billing excessive hours, [and] attorneys entering erroneous billing entries." *Raymo v. Sec'y of Health & Human Servs.*, 129 Fed. Cl. 691, 703 (2016).  While attorneys may be compensated for non-attorney-level work, the rate must be comparable to what would be paid for a paralegal or secretary.  *See O'Neill v. Sec'y of Health & Human Servs.*, No. 08-243V, 2015 WL 2399211, at *9 (Fed. Cl. Spec. Mstr. Apr. 28, 2015).  Clerical and secretarial tasks should not be billed at all, regardless of who performs them.  *See, e.g.*, *McCulloch*, 2015 WL 5634323, at *26.  Hours spent traveling are ordinarily compensated at one-half of the normal hourly attorney rate.  *See Scott v. Sec'y of Health & Human Servs.*, No. 08-756V, 2014 WL 2885684, at *3 (Fed. Cl. Spec. Mstr. June 5, 2014) (collecting cases).  And "it is inappropriate for counsel to bill time for educating themselves about basic aspects of the Vaccine Program." *Matthews v. Sec'y of Health & Human Servs.*, No 14-1111V, 2016 WL 2853910, at *2 (Fed. Cl. Spec. Mstr. Apr. 18, 2016).  It is "well within the Special Master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Saxton*, 3 F.3d at 1522.  In exercising that discretion, special masters may reduce the number of hours submitted by a percentage of the amount charged. *See Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 728-29 (2011) (affirming special master's reduction of attorney and paralegal hours); *Guy v. Sec'y of Health & Human Servs.*, 38 Fed. Cl. 403, 406 (1997) (same).

Ultimately, special masters have substantial discretion in awarding fees and costs, and may adjust a fee request *sua sponte*, apart from objections raised by respondent and without providing petitioners with notice and opportunity to respond.  *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (Fed. Cl. 2009).  Special masters need not engage in a line-by-line analysis of petitioner's fee application when reducing fees.  *See Broekelschen*, 102 Fed. Cl. at 729.

---

[3] This fee schedule is posted on the court's website.  *See* Office of Special Masters, *Attorneys' Forum Hourly Rate Fee Schedule: 2015-2016*, http://www.uscfc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule2015-2016.pdf [hereinafter *Hourly Rate Fee Schedule*].

## II. Discussion

**A.     Reasonable Hourly Rates and Time Expended**

Petitioner requests $44,587.60 in attorneys' fees.  Pet. Motion for Fees, Tab A, ECF No. 78.  The requested hourly forum rates, *see id.* at 38, are consistent with the rates previously found to be reasonable in cases involving petitioners' counsel.  *See, e.g.*, *Walsh v. Sec'y of Health & Human Servs.*, No. 05-975V, 2017 WL 2569931, at *2 (Fed. Cl. May 19, 2017); *Thomure v. Sec'y of Health & Human Servs.*, No. 15–322v, 2016 WL 3086389 (Fed. Cl. Spec. Mstr. April 12, 2016); *see also McCulloch*, 2015 WL 5634323, at *1.  Moreover, the number of hours expended in this case by petitioners' counsel appear to be reasonable.  Therefore, the undersigned awards the requested attorneys' fees.

**B.     Reasonable Costs**

Petitioners request a total amount of $19,350.03 in attorneys' costs.  Pet. Motion for Fees, Tab B, ECF No. 78.  The requested costs consist of the filing fee, shipping cost, and medical record fees.  The undersigned finds petitioners' requested costs to be reasonable.

## III. Total Award Summary

Based on the reasonableness of petitioners' request for attorneys' fees and costs, the undersigned **GRANTS** petitioners' motion for attorneys' fees and costs.  **Accordingly, the undersigned awards a lump sum of $63,937.63,**[4] representing reimbursement for attorneys' fees and costs, **in the form of a check payable jointly to petitioners and petitioners' counsel, Ronald Homer, Esq., and a lump sum of $450.00,** representing reimbursement for out-of-pocket expenses, in **the form of a check payable to petitioners**.  The clerk of the court is directed to enter judgment in accordance with this decision.[5]

**IT IS SO ORDERED.**

s/ Mindy Michaels Roth
Mindy Michaels Roth
Special Master

---

[4] This amount is intended to cover all legal expenses incurred in this matter.  This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered.  Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein.  *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir. 1991).

[5] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party filing a notice renouncing the right to seek review.